UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANDREW GOTT, *et al.*,           )
                                 )
            Plaintiffs,          )
                                 )
v.                               )        No. 1:19-cv-4-HSM-SKL
                                 )
NEUMAN & ESSER USA, INC., *et al.*,  )
                                 )
            Defendants.          )

## REPORT AND RECOMMENDATION

Before the Court is a motion [Doc. 53] filed by Defendant Neuman & Esser USA, Inc. ("Defendant") seeking dismissal of this case and an order requiring payment of expenses based upon Plaintiffs' failure to properly engage in discovery and to comply with the Court's Order compelling disclosures and discovery responses [Doc. 52]. Plaintiffs filed a response and a supplemental response in opposition to the motion to dismiss [Docs. 55, 57].[1] Defendant filed a reply [Doc. 59], and the motion is now ripe. For the reasons stated herein, I **RECOMMEND** that the motion for sanctions be **DENIED**.

Plaintiffs allege Plaintiff Andrew Gott was an employee at the Wacker Polysilicon North America, LLC plant in Charleston, Tennessee, when an equipment failure in the plant resulted in a large explosion, permanently injuring him [Doc. 18]. Plaintiffs allege Defendant and others designed, manufactured, and distributed the original and reconditioned products involved in the

---

[1] The supplemental memorandum raises arguments concerning the Court's standard Order requiring good faith consultation prior to filing a motion to dismiss [Doc. 5]. As acknowledged in the supplemental memorandum, the Court's standard Order addresses only motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b), not Rule 37. Moreover, Plaintiffs are reminded that they are entitled to file only one supporting memorandum per motion and only one response to each opposing party's motion. Future violations of this nature will result in the Court exercising its discretion to reject or ignore the offending filing.

explosion [*id.*].

Defendant previously filed a motion to compel Plaintiffs' overdue Rule 26(a)(1) initial disclosures and complete responses to written discovery, identifying only Plaintiffs' responses to Interrogatories 1-5 and 14-15 as deficient.[Doc. 43]. In the motion, Defendant explains that it served Plaintiffs with interrogatories and requests for production, and while Plaintiffs responded to the written discovery, the responses were allegedly deficient in several respects.

After Plaintiffs failed to timely respond to the motion to compel, the Court granted Defendant's unopposed motion [Doc. 52]. In the Order, Plaintiffs were compelled to provide initial disclosures and complete responses to the written discovery requests within 14 days of the entry of the Order (in other words, by August 27). Although Defendant did not seek sanctions/expenses in connection with the filing of the original motion to compel, Plaintiffs were forewarned that any failure to comply with the Order or their discovery and disclosure obligations could result in sanctions, up to and including the dismissal of their action upon proper motion [*id.* at Page ID # 171 n.1, 172].

The day before the Court's deadline expired, August 26, 2019, the deposition of Mr. Gott was taken at the office of Plaintiffs' counsel. During the deposition, Mr. Gott was questioned about his failure to produce certain schedules to his tax returns that were requested in written discovery.[2] Mr. Gott agreed the requested information was in his possession and available [Doc. 53 at Page ID # 174 (citing Gott Deposition, Doc. 54-1 at Page ID # 180-83)]. The parties also agreed during the deposition to a two-week time period for the requested information to be

---

[2] Although Plaintiffs inexplicably protest the request for the schedules was only made in the deposition, Request for Production No. 3 asks Plaintiff's to produce "all tax returns filed by Plaintiff (including supporting schedules and documentation) from and including the year 2009 to the present." Plaintiffs did not object to this request, they instead responded: "See tax returns for 2011-2017, which is all that I have available." [Doc. 43-1]. However, none of the responses to the requests for production were identified as being deficient in the original motion to compel.

provided.

When the two weeks passed without further production, Defendant filed the instant motion rather than reach out again to Plaintiff about the delay. In the motion, Defendant seeks the sanctions of dismissal of this action and payment of expenses based upon Plaintiffs' alleged failure to comply with this Court's Order, arguing that more than 14 days have elapsed since the Court's Order granting Defendant's motion to compel and more than four weeks have elapsed since Plaintiffs agreed to provide complete earning and tax records.

Plaintiffs argue that the notice for Mr. Gott's deposition did not request the tax records and if it had, Plaintiffs would have been entitled to 30 days to produce them, that the requested records are irrelevant, that Defendant did not make a written request for the tax return schedules prior to filing the pending motion to dismiss, and that Defendants should have attempted to confer prior to filing the motion. Moreover, Plaintiffs represent that all of the requested returns with schedules were provided the day after the motion to dismiss was filed.

In its reply [Doc. 59], Defendant takes issue with various factual representation made by Plaintiffs in their responses, but does not dispute that they now have the requested tax return schedules and initial disclosures.

Rule 37 provides that a party may move for an order compelling disclosures or discovery. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). In addition, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B).

Under Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(5)(A)(i-iii).

Rule 37 also provides that if a party fails to obey an order to provide discovery the Court may issue "further just orders." Such orders may include:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)   striking pleadings in whole or in part;
>
> (iv)   staying further proceedings until the order is obeyed;
>
> (v)    dismissing the action or proceeding in whole or in part;
>
> (vi)   rendering a default judgment against the disobedient party; or

4

Fed. R. Civ. P. 37(b).

If the Court finds that sanctions are appropriate, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The party seeking to avoid a sanction under Rule 37 "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

A district court has wide discretion in determining an appropriate sanction under Rule 37. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642-43 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), *superseded on other grounds, as recognized in Bradley J. Delp Revocable Trust v. MSJMR 2009 Irrevocable Trust*, 665 F. App'x 514, 521 (6th Cir. 2016). A court's exercise of that discretion is informed by four factors: (1) whether Plaintiffs acted with willfulness, bad faith, or fault; (2) whether prejudice to Defendant resulted from the discovery violation; (3) whether Plaintiffs had been warned that their conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *See Doe v. Lexington–Fayette Urban Cty Gov't*, 407 F.3d 755, 765-66 (6th Cir. 2005) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

In weighing the factors, I note that Plaintiffs did not timely provide disclosures/discovery and their counsel disregarded attempts by opposing counsel to resolve the disclosures/discovery

5

dispute without court intervention, and then failed to respond to the original motion to compel. Moreover, the obligation and commitment to produce the missing tax information within 14 days of the deposition arose not because the schedules were requested in the deposition, but because they were specifically sought in a request for production. The deposition merely confirmed Plaintiffs' discovery obligations had not been fully discharged. When the parties mutually agreed to a timeline to cure the deficient response, Plaintiffs (or counsel) ignored their commitment. However, I also find no clear and specific effort by Plaintiffs to ignore the Court's Order as claimed by Defendant. Request for Production No. 3, which sought the tax returns, including supporting schedules and documentation was not identified as being deficient in Defendant's original motion to compel. As it was not specifically addressed in the motion, it was not compelled in the Court's prior Order granting the unopposed motion.

Even if the Court were to consider the Rule 37 factors, extreme sanctions would be wholly inappropriate. While Plaintiffs' excuses for their failure to timely provide the requested schedules are largely meritless, and Plaintiffs' counsel's failure to be responsive to Defendant's counsel is uncalled-for, I conclude they did not act with willfulness, bad faith, or fault. Moreover, and in spite of Defendant's protests to the contrary, I also conclude that Defendant is not prejudiced in any significant manner as a result of the discovery violation. As to the final two factors, Plaintiffs had been warned that any failure to comply with the Order or their discovery and disclosure obligations could lead to extreme sanctions such as dismissal of their claims. However, less drastic sanctions had not been previously imposed.

Finally, Plaintiffs' argument that Defendant "jumped the gun" by not making further attempts to obtain the discovery without seeking Court intervention rings somewhat hollow given the track record of unresponsiveness recited in the motions. However, Defendant could

have easily reached out post-deposition to obtain the schedules without Court intervention given that it agreed to 14 days for the production of the schedules during the deposition and that none of Plaintiffs' responses to the requests for production were claimed to be deficient in the original motion to compel.

I will briefly address one additional issue. Defendant's motion to dismiss argues Plaintiffs have failed to either produce any further discovery responses as ordered or seek additional time to do so, but it only specifically identified the tax returns, which were produced without the schedules, as being deficient. In its reply, Defendant contends it is entitled to further information on elements and amounts of damages claimed (Interrogatory 3), a complete list of all of Mr. Gott's healthcare providers (Interrogatories 1, 2, and 4), and the factual basis for Plaintiffs' claims (Interrogatory 15). These interrogatory responses were raised as being deficient in the original motion to compel and complete responses were Ordered. In the pending motion, however, Defendant, only raised these specific interrogatory responses in its reply. Such arguments are not appropriately raised in a reply so they are not addressed herein. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising [an] issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." (quotation marks omitted) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002))). However, by separate order, the parties will be required to confer to address and resolve any remaining disputes about the compelled discovery. The parties are admonished to work more ***timely*** and ***cooperatively*** with each other.

For the above stated reasons, I **RECOMMEND**[3] that Defendant's motion for dismissal and sanctions [Doc. 53] be **DENIED**:

ENTER:

s/ *Susan K. Lee*
_____

SUSAN K. LEE
UNITED STATES MAGISTRATE JUDG

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).